### No. 924
### McBRIDE v. TYLER CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5805. Decided June 1, 1925

**923. PLEADINGS**—Conclusions of law not based upon facts sufficient to support such conclusion correctly stricken from petition.

PER CURIAM.

Harold McBride filed his petition against the W. S. Tyler Co. in the Cuyahoga Common Pleas, by way of appeal from a finding of the Industrial Commission. It was alleged that while disassembling parts of a motor truck a superintendent struck a casting with a sledge and a piece of the casting struck McBride in the mouth necessitating the pulling of all his teeth and making of false teeth for his use.

The petition is based upon loss of his teeth with the subsequent necessity for false teeth which disfigured his face so as to impair his opportunity to secure employment. Recovery was sought under 1465-80 GC. which provides in part: "In case an injury results in serious facial or head disfigurement which impairs the opportunity to secure or retain employment - - - - - such an award - - - - not to exceed $3570.

In addition to making the claim for facial disfigurement, McBride's petition also makes claim for $85 for medical treatment and $25 for travelling expenses. In the Common Pleas upon motion by the Company, the following language was ordered stricken from the petition: "Plaintiff says that the loss of his teeth constitutes a facial disfigurement which impairs his opportunity to secure and retain employment." McBride not desiring to plead further, the court dismissed the petition and entered judgment against him for costs. Error was prosecuted and the Court of Appeals held:

1. The court was correct in striking the language above referred to from the petition.

2. Undoubtedly facts may be set forth which would show that loss of the teeth constituted in a particular case, a facial disfigurement which impaired the opportunity to secure employment.

3. The petition here, however, particularizes as to what the injuries consisted of and limits same to loss of the teeth with subsequent necessity for false to replace the natural teeth.

4. Stating that the loss of his teeth constitutes such facial disfigurement which impairs his opportunity to obtain employment is a conclusion of law without any facts to sustain such conclusion.

5. It is admitted by the Company that the petition was not subject to demurrer for the reason that it contains a claim for additional items, such as the dentist bill and treatment.

6. The trial court was without right of power to dismiss the petition or to enter judgment against McBride for costs.

Judgment reversed and case remanded.

**Attorneys**—Gates & Edgerton for McBride; Tolles, Hogsett, Ginn & Morley for Company; all of Cleveland.